1   ROBERTA STEELE, SBN 188198 (CA)
    MARCIA L. MITCHELL, SBN 18122 (WA)
2   MARIKO M. ASHLEY, SBN 311897 (CA)
    U.S. EQUAL EMPLOYMENT
3   OPPORTUNITY COMMISSION
    San Francisco District Office
4   450 Golden Gate Ave., 5th Floor West
    P.O. Box 36025
5   San Francisco, CA  94102
    Telephone No. (650) 684-0943
6   Fax No. (415) 522-3425
    mariko.ashley@eeoc.gov
7
    MAY CHE, SBN 4255378 (NY)
8   U.S. EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
9   Seattle Field Office
    909 First Avenue, Suite 400
10  Seattle, WA  98104
    TEL: (206) 576-3011
11  may.che@eeoc.gov
12  Attorneys for Applicant EEOC

    MICHELLE FINKEL FERBER, #149929
    mferber@ferberlaw.com
    CONNOR M. DAY, #233245
    cday@ferberlaw.com
    FERBER LAW, A Professional Corporation
    2603 Camino Ramon, Suite 385
    San Ramon, California 94583
    Tel: (925) 355-9800
    Fax: (925) 263-1676

    *Attorneys for Respondent*
    *Security Industry Specialists, Inc.*

    CDF LABOR LAW LLP
    Alison L. Tsao, State Bar No. 198250
    atsao@cdflaborlaw.com
    Candace DesBaillets, State Bar No. 315284
    cdesbaillets@cdflaborlaw.com
    600 Montgomery Street, Suite 440
    San Francisco, CA 94111
    Telephone: (415) 981-3233

    *Attorneys for Proposed Intervenor*
    *Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>          Applicant,<br><br>    vs.<br><br>SECURITY INDUSTRY SPECIALISTS, INC.,<br><br>       Respondent. | Case No.:  4:23-mc-80112-HSG<br><br>**STIPULATION AND ORDER REGARDING APPLE INC.'S MOTION TO INTERVENE AND APPLICATION FOR PROTECTIVE ORDER, AND CLARIFYING SCOPE OF SUBPOENA SF-22-09** |

1

**<u>STIPULATION</u>**

2

This stipulation is entered into by Applicant Equal Employment Opportunity Commission

3

("EEOC"), Respondent Security Industry Specialists, Inc. ("SIS"), and Proposed-Intervenor Apple

4

Inc. ("Apple"), collectively, the "Parties."

5

WHEREAS, the EEOC filed an Application for Order Enforcing Administrative Subpoena

6

SF-22-09 against SIS on April 10, 2023.  (ECF No. 1);

7

WHEREAS, on June 28, 2023, the Court granted the EEOC's Application to Enforce

8

Administrative Subpoena and ordered SIS to produce documents within 14 days (by July 12, 2023)

9

and certify that it produced all documents in Respondent's possession, custody, and control

10

responsive to Subpoena SF-22-09, except for documents detailed in Request J.  (ECF No. 19);

11

WHEREAS, Apple filed a Motion to Intervene and Application for Protective Order

12

("Motion") on July 12, 2023 (ECF No. 20), which sought a protective order for certain information

13

to be produced by SIS which it asserted contains Apple's sensitive, proprietary and/or confidential

14

information;

15

WHEREAS, SIS produced documents on July 26 and 31, 2023 but withheld additional

16

documents pending Apple's Motion;

17

WHEREAS, the Parties met and conferred to resolve the issues raised in Apple's Motion.

18

(ECF No. 21, 25);

19

WHEREAS, the hearing for Apple's Motion is currently set for October 12, 2023.  (ECF No.

20

26);

21

THEREFORE, it is hereby stipulated and agreed that, subject to Court approval:

22

1.      Apple filed its Motion to protect its sensitive, confidential, and/or proprietary

23

information.  Apple shall be permitted to intervene in this subpoena enforcement action to effectuate

24

the full and efficient resolution of the EEOC's subpoena enforcement action, as stipulated by the

25

Parties;

26

2.      SIS may redact information which the EEOC has determined is not necessary to

27

advance its investigation of the charges of age discrimination filed by Mark Gonzales (550-2020-

28

01138) and Cynthia Tiberend (No. 550-2020-01138) at this time, as follows:

a.      SIS may redact the street address (including city, state, and zip code) of a single Apple business site whose location is confidential and not publicly known, provided that SIS includes overlay text on the redactions with a pseudonym so that the EEOC can readily identify that the redaction references the confidential site and can distinguish it from other locations.  To clarify, SIS may not redact the addresses of any other Apple locations, including Apple Retail Stores, Apple headquarters, and publicly known Apple corporate offices.  The EEOC has provided a sample of the proposed redaction method to the Parties, which can be done in software programs including Adobe Acrobat, attached as **Exhibit A**.

b.      SIS may redact the dollar amounts of actual or proposed payment rates made by Apple to SIS, as long as those redactions do not include information about the payment of wages to SIS employees or the payments concerning the COVID-19 Screener program, including any temporary pay increase made to COVID-19 Screeners  the amount of any payment rate intended to cover the temporary pay increase made to COVID-19 Screeners.

3.      Apple may direct SIS to stamp documents that it believes contain information protected from disclosure under Freedom of Information Act (FOIA) Exemption 4, 5 U.S.C. § 552(b)(4), consistent with 29 C.F.R § 1610.19(b) (predisclosure notification procedures for confidential commercial information).

4.      It is the EEOC's position that the Application for Protective Order is premature.  Apple will withdraw its application for protective order at this time.  *See E.E.O.C. v. Anna's Linens Co.*, No. C 06-80009 MISC MMC (WDB), 2006 WL 1329548 (N.D. Cal. May 15, 2006), *report and recommendation adopted sub nom. E.E.O.C. v. Anna's Linens, Inc*., No. C 06-80009 MISC MMC (WDB), 2006 WL 1876625 (N.D. Cal. July 5, 2006); *E.E.O.C. v. Kidder Peabody, Peabody & Co. Inc*., No. M18-304, 1992 WL 73344, at *4 (S.D.N.Y. Apr. 2, 1992); *Valley Indus. Servs., Inc. v. E.E.O.C*., 570 F. Supp. 902, 905 (N.D. Cal. 1983).

5.      SIS must produce all outstanding documents and information to the EEOC within 14 days of the Court's Order, and at the same time certify that it produced all documents in its possession, custody, and control responsive to Subpoena SF-22-09, except for documents detailed in Request J and redactions detailed in Paragraph 2 (a) & (b), above.

1     6.     The October 12, 2023 hearing date and all related briefing deadlines will be taken off

2     calendar.

3          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5     Date:  September 15, 2023                    /s/ Mariko M. Ashley

6                                                  Mariko M. Ashley
                                                   Attorney for Applicant
7                                                  U.S. Equal Employment Opportunity
                                                   Commission
8     Date:  September 15, 2023                    /s/ Connor M. Day
9                                                  Connor M. Day
                                                   Attorney for Respondent
10                                                 Security Industry Specialists, Inc.

11    Date:  September 15, 2023                    /s/ Alison L. Tsao
12                                                 Alison L. Tsao
                                                   Attorney for Proposed Intervenor
13                                                 Apple Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>ORDER</u>**

2      Based on the foregoing stipulation of the Applicant U.S. Equal Employment Opportunity

3   Commission, Respondent Security Industry Specialists, Inc. and Proposed-Intervenor Apple Inc.,

4   and for good cause appearing, IT IS HEREBY ORDERED THAT

5      1.      Apple's Motion to Intervene in this subpoena enforcement is GRANTED to

6   effectuate the full and efficient resolution of this subpoena enforcement action, as stipulated by the

7   Parties;

8      2.      SIS may redact the following information which is not necessary to the EEOC's

9   investigation of the charges of age discrimination filed by Mark Gonzales (550-2020-01138) and

10   Cynthia Tiberend (No. 550-2020-01138) at this time:

11          a.      SIS may redact the street address (including city, state, and zip code) of a

12      single Apple business site whose location is confidential and not publicly known, provided

13      that SIS includes overlay text on the redactions with a pseudonym so that the EEOC can

14      readily identify that the redaction references the confidential site and can distinguish it from

15      other locations.  The redactions must be done in a manner consistent with **<u>Exhibit A</u>**.  To

16      clarify, SIS may not redact the addresses of any other Apple locations, including Apple

17      Retail Stores, Apple headquarters, and publicly known Apple corporate offices.

18          b.      SIS may redact the dollar amounts of actual or proposed payment rates made

19      by Apple to SIS, as long as those redactions do not include information about the payment of

20      wages to SIS employees or payments concerning the COVID-19 Screener program, including

21      any temporary pay increase made to COVID-19 Screeners or the amount of any payment rate

22      intended to cover the temporary pay increase made to COVID-19 Screeners.

23      3.      Apple may direct SIS to stamp documents that it believes contain information

24   protected from disclosure under Freedom of Information Act (FOIA) Exemption 4, 5 U.S.C. §

25   552(b)(4), consistent with 29 C.F.R § 1610.19(b) (predisclosure notification procedures for

26   confidential commercial information).

27      4.      Apple will withdraw its application for protective order.  *See E.E.O.C. v. Anna's*

28   *Linens Co.*, No. C 06-80009 MISC MMC (WDB), 2006 WL 1329548 (N.D. Cal. May 15, 2006),

1  *report and recommendation adopted sub nom. E.E.O.C. v. Anna's Linens, Inc.*, No. C 06-80009

2  MISC MMC (WDB), 2006 WL 1876625 (N.D. Cal. July 5, 2006); *E.E.O.C. v. Kidder Peabody,*

3  *Peabody & Co. Inc.*, No. M18-304, 1992 WL 73344, at *4 (S.D.N.Y. Apr. 2, 1992); *Valley Indus.*

4  *Servs., Inc. v. E.E.O.C.*, 570 F. Supp. 902, 905 (N.D. Cal. 1983).

5       5.      SIS must produce all outstanding documents and information to the EEOC within 14

6  days of the Court's Order, and at the same time certify that it produced all documents in its

7  possession, custody, and control responsive to Subpoena SF-22-09, except for documents detailed in

8  Request J and redactions detailed in Paragraph 2 (a) & (b).

9       6.      The October 12, 2023 hearing date and all related briefing deadlines are hereby

10  VACATED.

11

12  PURSUANT TO STIPULATION, IT IS SO ORDERED.

13

14  Dated: 9/15/2023

15                                                            HON. HAYWOOD S. GILLIAM, JR.
                                                              U.S. District Court Judge

16

17

18

19

20

21

22

23

24

25

26

27

28



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Francisco District Office**

Phillip Burton Federal Building
450 Golden Gate Avenue
5 West P. O. Box 36025
San Francisco, CA  94102
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
San Francisco Direct Dial:  (650) 684-0910
FAX (415) 522-3415
Website:  www.eeoc.gov

Sample Text Sample Text Sample Text Sample Text Sample Text Sample Text Sample Text
Sample Text Sample Text Sample Text Sample Text Sample Text Sample Text Sample Text
Sample Text Sample Text Sample Text Sample Text Sample Text Sample Text Sample Text
Sample Text Sample ████████████ Location X ██████████ Text Sample Text
Sample Text Sample Text Sample Text Sample Text Sample Text Sample Text Sample Text
Sample Text Sample Text Sample Text Sample Text Sample Text Sample Text Sample Text